**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
          chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Juan Monterroso**, <br><br> Plaintiff, <br><br> vs. <br><br> **Diaz Delivery Services, LLC,** an Arizona Limited Liability Company, and **Roberto Diaz and Jane Doe Diaz**, a married couple, <br><br> Defendants. | No. <br><br> **VERIFIED COMPLAINT** |

Plaintiff, Juan Monterroso ("Plaintiff" or "Monterroso"), sues the Defendants Diaz Delivery Services, LLC and Roberto Diaz and Jane Doe Diaz ("Defendants") and alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for unpaid minimum wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.; unpaid minimum wage under the Arizona Minimum Wage Act ("AMWA"), Arizona Revised Statutes ("A.R.S.") Title 23, Chapter 2, Article 8; and

-1-

unpaid wages under the Arizona Wage Act ("AWA"), A.R.S. Title 23, Chapter 2, Article 7.

2. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." <u>Barrentine v. Ark Best Freight Sys. Inc.</u>, 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks. <u>See</u> 29 U.S.C. § 206(a). Under the FLSA, employers must pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek. <u>See</u> 29 U.S.C § 207.

3. The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

4. The AWA, A.R.S. § 23-350, et seq., establishes standards for wage payments to employees within the State of Arizona.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States. This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and

Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## **PARTIES**

7. At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in Pima County, Arizona, and is a former employee of Defendants.

8. At all material times, Defendant Diaz Delivery Services, LLC was a limited liability company duly licensed to transact business in the State of Arizona. At all material times, Defendant Diaz Delivery Services, LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Pima County, Arizona.

9. At all relevant times, Defendant Diaz Delivery Services, LLC owned and operated as "Diaz Delivery Services," a delivery service located in Pima county, Arizona.

10. Under the FLSA, Defendant Diaz Delivery Services, LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times Defendant Diaz Delivery Services, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendant Diaz Delivery Services, LLC in relation to the company's employees, Defendant Diaz Delivery Services, LLC is subject to liability under the FLSA.

11. Defendants Roberto Diaz and Jane Doe Diaz are, upon information and belief, husband and wife. They have caused events to take place giving rise to the claims

DocuSign Envelope ID: 6A69FF4D-F86F-4176-A50F-3B9593AEAFBC

in this Complaint as to which their marital community is fully liable. Defendants Roberto Diaz and Jane Doe Diaz are owners of Defendant Diaz Delivery Services, LLC and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

12. Under the FLSA, Defendants Roberto Diaz and Jane Doe Diaz are employers. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendants Roberto Diaz and Jane Doe Diaz had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As persons who acted in the interest of Defendant Diaz Delivery Services, LLC in relation to the company's employees, Defendants Roberto Diaz and Jane Doe Diaz are subject to individual liability under the FLSA.

13. Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

14. Defendants, and each of them, are sued in both their individual and corporate capacities.

15. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

16. At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

17. The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

18. At all relevant times, Defendants were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

19. The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants.

20. At all relevant times, Plaintiff was an "employee" of Defendants as defined by A.R.S. § 23-362.

21. At all relevant times, Defendants were and continue to be "employers" of Plaintiff as defined by A.R.S. § 23-362.

22. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

23. Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

24. At all relevant times, Plaintiff, in his work for Defendants, was engaged in commerce or the production of goods for commerce.

25. At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

26. Plaintiff, in his work for Defendant, regularly handled goods produced or transported in interstate commerce.

-5-

# FACTUAL ALLEGATIONS

27. Defendants own and/or operate as Diaz Delivery Services, an enterprise located in Pima County, Arizona.

28. Defendant Diaz Delivery Services, LLC is a delivery company located in Pima County, Arizona.

29. Plaintiff was hired and worked for Defendants as a delivery driver until approximately January 2021.

30. In his work for Defendants, Plaintiff performed non-exempt manual, unskilled labor.

31. Defendants, in their sole discretion, paid Plaintiff a daily rate of $130.00, regardless of the number of hours he worked in a given day.

32. In his final week of work, Plaintiff worked six days for Defendants.

33. Plaintiff should have received $780.00 in pay from Defendants for his final week of work.

34. Defendants failed to compensate Plaintiff any wages whatsoever for his final week of work.

35. Plaintiff asked Defendants why they did not pay him his final paycheck and Defendants advised Plaintiff that they were withholding his paycheck to cover the cost of an item that was damaged approximately three months prior to Plaintiff quitting his employment with Defendants.

DocuSign Envelope ID: 6A69FF4D-E86F-4176-A50F-8B9593AEAFBC

36. As a result of Defendants withholding Plaintiff's final paycheck, Defendants failed to compensate Plaintiff at least the applicable minimum wage, in violation of the FLSA, 29 U.S.C. § 206(a).

37. As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for his final week of work, Defendants violated the AMWA, A.R.S. § 23-363.

38. As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for his final week of work, Defendants violated the AWA, A.R.S., § 23-351.

39. Rather than classify Plaintiff as an employee, Defendants classified him as an independent contractor.

40. Despite Defendants having misclassified Plaintiff as an independent contractor, Plaintiff was actually an employee, as defined by the FLSA, 29 U.S.C. § 201 et seq.

41. In his work for Defendants, and throughout his entire employment with Defendants, Plaintiff was not compensated $455 per week on a salary basis.

42. Defendants controlled Plaintiff's schedules.

43. At all relevant times, Plaintiff was economically dependent on Defendants.

44. The following further demonstrate that Plaintiff was an employee:

    a. Defendants had the exclusive right to hire and fire Plaintiff;

    b. Defendants made the decision not to pay overtime to Plaintiff;

    c. Defendants supervised Plaintiff and subjected him to Defendants' rules;

-7-

   d. Plaintiff had no opportunity for profit or loss in the business;

   e. The services rendered by Plaintiff in his work for Defendants was integral to Defendants' business;

   f. Plaintiff was hired as a permanent employee, working for Defendants on a daily basis for approximately 4 years;

   g. Plaintiff had no right to refuse work assigned to him by Defendants.

45. In his work for Defendants, Plaintiff was not a manager.

46. In his work for Defendants, Plaintiff did not have supervisory authority over any employees.

47. In his work for Defendants, Plaintiff did not possess the authority to hire or fire employees.

48. In his work for Defendants, Plaintiff did not possess authority to make critical job decisions with respect to any of Defendants' employees.

49. In his work for Defendants, Plaintiff did not direct the work of two or more employees.

50. In his work for Defendants, Plaintiff did not exercise discretion and independent judgment with respect to matters of significance.

51. Plaintiff's primary duty was not the management of the enterprise in which he was employed or any recognized department of the enterprise.

52. At all relevant times, Defendants controlled Plaintiff's schedules.

53. At all relevant times, Plaintiff was economically dependent on Defendants.

54. Plaintiff was a non-exempt employee.

-8-

55. Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to pay Plaintiff any wage whatsoever for his final week of work would violate federal and state law, and Defendants were aware of the FLSA minimum wage and overtime requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA and the AMWA.

56. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

57. Plaintiff is a covered employee within the meaning of the FLSA.

58. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

59. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

60. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

61. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid minimum wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

62. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for his unpaid wages at an hourly rate, to be proven at

trial, in an amount that is treble the amount of his unpaid wages, plus interest thereon, and his costs incurred under A.R.S. § 23-355.

### COUNT ONE: FAIR LABOR STANDARDS ACT
### FAILURE TO PAY MINIMUM WAGE

63. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

64. As a result of not paying Plaintiff any wage whatsoever for the final week of his employment, Defendant willfully failed or refused to pay Plaintiff the FLSA-mandated minimum wage.

65. Defendant's practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violated the FLSA, 29 U.S.C. § 206(a).

66. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Juan Monterroso, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants committed one of more of the following acts:

   i. Violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a), by failing to pay proper minimum wages;

   ii. Willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a) by willfully failing to pay proper minimum wages;

    B.    For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

    C.    For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

    D.    For the Court to award prejudgment and post-judgment interest;

    E.    For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

    F.    Such other relief as this Court shall deem just and proper.

## COUNT TWO: ARIZONA MINIMUM WAGE ACT
## FAILURE TO PAY MINIMUM WAGE

67. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

68. As a result of not paying Plaintiff any wage whatsoever for the final week of his employment, Defendant willfully failed or refused to pay Plaintiff the Arizona minimum wage.

69. Defendant's practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violated the AMWA, 23-363.

70. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to twice the underpaid wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Juan Monterroso, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendant committed one of more of the following acts:

    i. Violated minimum wage provisions of the AMWA, A.R.S. § 23-363, by failing to pay proper minimum wages;

    ii. Willfully violated minimum wage provisions of the AMWA, A.R.S. § 23-363 by willfully failing to pay proper minimum wages;

B. For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-364, to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth herein;

F. Such other relief as this Court shall deem just and proper.

### COUNT THREE: ARIZONA WAGE ACT
### FAILURE TO PAY WAGES DUE AND OWING

71. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

72. As a result of the allegations contained herein, Defendants did not compensate Plaintiff wages due and owing to him.

73. Defendants engaged in such conduct in direct violation of A.R.S. § 23-350.

74. As such, unpaid wages for such time Plaintiff worked are owed to Plaintiff for the entire time he was employed by Defendants.

75. Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff over the course of his employment would violate federal and state law, and Defendants were aware of the Arizona Wage Act's requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the Arizona Wage Act.

76. Plaintiff is therefore entitled to compensation for his unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of his unpaid wages, plus interest thereon, and his costs incurred.

**WHEREFORE**, Plaintiff, Juan Monterroso, requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants violated the unpaid wage provisions of A.R.S. § 23-350, et seq., by failing to pay wages due and owing to Plaintiff;

B. For the Court to award an amount that is treble Plaintiff's unpaid wages pursuant to A.R.S. § 23-355, in amounts to be determined at trial;

C. For the Court to award prejudgment and post-judgment interest on any damages awarded;

D. For the Court to award Plaintiff's reasonable attorneys' fees and costs of the action and all other causes of action set forth in this Complaint; and

E. Such other relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 22nd day of July, 2021.

BENDAU & BENDAU PLLC

By: /s/ *Christopher J. Bendau*
Clifford P. Bendau, II
Christopher J. Bendau
*Attorney for Plaintiff*

## **VERIFICATION**

Plaintiff, Juan Monterroso, declares under penalty of perjury that he has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on his personal knowledge, except as to those matters stated upon information and believe, and, as to those matters, he believes them to be true.

DocuSigned by:

/s/ Juan Monterroso
84FFB1C8991540B...
Juan Monterroso